HENRY A. WAHRMAN, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Special Term, New York County, October 27, 1937.

*Alexander & Green,* for the defendant.

McLAUGHLIN (CHARLES B.), J.   This is an action in which the
plaintiff seeks to have it adjudged that an accident and health
policy is in full force and effect as a binding insurance contract.
The defense is that the policy lapsed by reason of non-payment
of the premium due on December 29, 1933.   It appears that on
January 29, 1934, the last day of grace, the wife of the plaintiff
delivered to the teller of the defendant his check for the amount
of the premium due.   A receipt was given which provided that
it would not be binding until the defendant received the actual
cash called for by the remittance, which in this case meant the
payment of the check by the bank on which it was drawn.   The
defendant deposited the check and it was returned by the plaintiff's

bank marked not sufficient funds. This return check was received by the defendant on January 31, 1934, which was after the grace period had expired. The defendant immediately returned the check to the plaintiff with notice that the policy had lapsed. Subsequently the plaintiff made a tender of the amount of the premium.

The plaintiff submitted proof to the effect that there were sufficient funds in his bank to pay this check. He claims that the acceptance of checks in tender of payment was conditional, and that the only requisite for complete payment was the fact that there were sufficient funds in his bank to meet it. This court holds that the check was not an absolute payment of the premium and was conditional upon its payment by the plaintiff's bank. The defendant was justified in standing upon its rights and in declaring the policy lapsed when the check was returned to it unpaid. It had then only a paper that represented no cash and was valueless as payment. The plaintiff also claims that the acceptance on former occasions of a check on the last day of grace constituted a waiver of time for payment, and that, therefore, the tender of cash payment immediately upon notice of dishonor was sufficient performance. The answer to that is that there can be no waiver as to returned checks because all the previous checks were paid when presented. It is also urged that a course of conduct on the part of the defendant in accepting checks after the grace period created an estoppel. The facts negative this claim because there are only three instances of such an action, and it would require more than that number under the circumstances to establish a custom, even if we were to assume, which is very doubtful, that a court of equity could find an estoppel which would in effect hold that the time of payment was not of the essence of the insurance contract. The authorities cited by the plaintiff are not controlling in this State.

Judgment for the defendant.